IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JIM BROCK,<br>　　　Plaintiff, | §<br>§<br>§ | CIVIL ACTION NO. 4:18-CV-3137 |
| VS. | §<br>§<br>§<br>§ | |
| JLG EQUIPMENT SERVICES, INC.<br>　　　Defendant. | §<br>§ | JURY TRIAL DEMANDED |

# PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Jim Brock files his First Amended Complaint against Defendant JLG Equipment Services, Inc. ("JLG" or "Defendant") and for cause of action would respectfully show that:

## I.
## PARTIES

1. Jim Brock ("Brock") is an individual who resides at 19863 Irenell Drive, Porter, Texas 77365.

2. Plaintiff was employed within the Southern District of Texas Houston Division at all times.

3. Defendant JLG Equipment Services, Inc. is a corporation headquartered in Pennsylvania with its principal place of business being 1 JLG Drive, McConnellsburg, PA 17233. JLG may be served through its registered agent CT Corporation Systems at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## II.
## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1131 (federal question jurisdiction) and 29 U.S.C. 216(b) FLSA jurisdiction, the Family Medical Leave Act, and supplemental jurisdiction.

**Plaintiff's First Amended Complaint Page 1**

5. Venue is proper in the Southern District of Texas Houston Division, because Defendant's violations of the FLSA and ADA took place and continue to take place in this District.

### III.
### PROCEDURAL PREREQUSITIES

6. All conditions precedent to the filing of this action have been met by Plaintiff in that he has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and has received a right-to-sue letter from said agency to pursue his claims.

7. Plaintiff filed a Charge of Discrimination against Defendant with the EEOC on or about July 18, 2018.

8. Plaintiff was issued a Notice of Right to Sue letter from the EEOC, entitling him to file suit on his claims of discrimination based on his disability or perceived disability on or about September 25, 2018.

9. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of notice from the EEOC.

### IV.
### VIOLATIONS OF THE FLSA

**FLSA Enterprise and Individual Coverage:**

10. Defendant generates more than $500,000 in gross revenue and is thus subject to the FLSA as a covered enterprise.

*__Jim Brock__*

11. Plaintiff Brock is a former employee who Defendant employed for over 5 years, and who served as a non-exempt supervisor for approximately 2.5 years before his termination.

12. During his employment, Brock filled out timesheets listing his actual hours worked.

13. Without fail, an hour was deducted from his pay every day for "shift turnover," but Brock always worked all hours that were listed in his timesheet. There was no designated time where he had no duties due to "shift turnover."

14. This alleged "shift turnover" period was compensable because Brock was not relieved of his duties during this period.

15. Brock's timesheets reflect the deduction of one hour because of "shift turnover."

16. The company is claiming that Brock was exempt, but its pay practices of paying Brock hourly and also paying overtime do not align with the FLSA's requirements for exempt employees.

**Defendant's Overtime Violations:**

17. Because Plaintiff was a non-exempt employee, Defendant is and was required to pay him (and others similarly situated) time and one-half for each hour worked in excess of forty per workweek. Rather than follow these simple FLSA requirements, Defendant chose not to pay overtime for Brock's shift turnover time worked over forty hours.

18. Specifically, Defendant chose to willfully dock Plaintiff for shift turnover time, when Plaintiff was actually working throughout shift turnover time.

19. Upon information and belief, Defendant has previously been sued or investigated for failing to pay overtime to its employees.

20. Defendant's time sheet practices resulted in a deduction of one hour of time for shift turnover time, despite the fact that Plaintiff worked during that hour.

21. During the past three years, Defendant employed one or more of employees in its enterprise and repeatedly and willfully violated the FLSA by employing Plaintiffs for workweeks

longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the requirements of Section 7 of the FLSA (29 U.S.C. § 207). These violations are ongoing.

22. Defendant is aware of the overtime laws, but have decided to shave time off of timesheets and not pay overtime in a willful attempt to avoid the mandates of the Fair Labor Standards Act.

**Back Wages, Liquidated Damages, Attorneys' Fees and Costs:**

23. As a result of the underpayment of wages alleged above, Defendant is indebted to Plaintiff in the amount of the unpaid overtime compensation and straight time compensation for shift turnover time and other time that was not paid.

24. Plaintiff is further entitled to recover an additional equal amount as liquidated damages (29 U.S.C. § 216(c)) and attorneys' fees and costs (29 U.S.C. § 216).

## V.
## VIOLATIONS OF THE ADA

25. Plaintiff realleges and incorporates paragraphs 1-9 and 11.

26. At the time of Plaintiff's termination, Plaintiff was a service supervisor, overseeing the work of various mechanics.

27. Plaintiff received positive performance reviews until Plaintiff had two hip replacement surgeries.

28. On April 28, 2017, Plaintiff's left hip was replaced.

29. On October 28, 2017, Plaintiff's right hip was replaced.

30. Plaintiff's hip replacements significantly limited Plaintiff's mobility and left Plaintiff in severe pain.

31. Plaintiff disclosed both of his surgeries to Defendant as well as his expected healing schedule.

32. In the wake of Plaintiff's hip surgeries, Plaintiff was unable to squat, had difficulty reaching the floor, struggled to climb on equipment and drive equipment on the poorly paved roads around Defendant's facility. Plaintiff also suffered from difficulties with his sense of balance due to his hip surgeries. Notwithstanding the foregoing, Plaintiff was able to do the essential functions of his job.

33. Plaintiff requested some modifications to his job duties consistent with his mobility and pain issues.

34. Plaintiff made these requests to Kevin Stewart, the branch manager and Plaintiff's direct supervisor, among others.

35. However, Kevin Stewart and Defendant failed to engage in the interactive process as required by law. Instead, Kevin Stewart continued to assign Plaintiff laborious duties that Plaintiff could not easily perform, although he did perform, due to his limited mobility and ongoing pain.

36. Plaintiff was placed on a 60-day performance improvement plan on May 5, 2018. Plaintiff was terminated on May 23, 2018 prior to the completion of the 60-day performance improvement plan. Defendant refused to provide accommodations for Plaintiff's disability.

37. Plaintiff was, in fact, terminated on the basis of his disability and/or on the basis of a perceived disability. Plaintiff's supervisor, Kevin Stewart, failed to accommodate Plaintiff's disability, and terminated Plaintiff for failing to meet a discriminatory performance standard.

38. Defendant, by and through its agents and employees, especially Kevin Stewart, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the Americans with Disabilities Act and terminated Plaintiff because of his disability.

39. Defendant denied Plaintiff reasonable accommodation in regards to his disability and terminated Plaintiff because of his disability.

40. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered a loss of wages, both in the past, present and future, as well as compensatory damages, including but not limited to emotional distress.

41. Defendant's actions were intentional, willful, harsh, oppressive, reckless and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

42. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of COANE AND ASSOCIATES, PLLC, in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## VI.
## BREACH OF CONTRACT CLAIMS

43. Plaintiff claims damages under Texas law for breach of contract for the employer's failure to pay wages in accordance with the law for each hour worked.

44.	Plaintiff entered into a valid contract to be paid wages hourly for each hour worked and overtime wages for hours over 40.

45.	Defendant breached the contract with Plaintiff by not paying Plaintiff wages in accordance with the terms of the contract for shift turnover hours that he worked.

## VII.
## JURY DEMAND

46.	Plaintiff demands a trial by jury and is paying the appropriate jury fee contemporaneously with the filing of this Complaint.

## VIII.
## PRAYER

47.	WHEREFORE, Plaintiff respectfully requests and demands Judgment against Defendant, and each of them, under the FLSA in the amounts of unpaid regular and overtime compensation due Plaintiff, additional equal amounts as liquidated damages, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees and costs of court. Plaintiff also respectfully prays that Plaintiff has the following relief for Defendant's violation of the ADA: back pay, pre-judgment and post-judgment interest on back pay, front pay, compensatory damages, punitive damages, injunctive and affirmative relief, attorney's fees and costs, as well as any other relief, at law or in equity, to which Plaintiff may should he is justly entitled. Lastly,  Plaintiff also respectfully requests that the Court award damages, pre-judgment interest, post-judgment interest and reasonable attorneys' fees under Texas law for any unpaid straight time wages that are not covered under the FLSA due to the FLSA's statute of limitations or because Plaintiff did not work overtime during a given workweek.

Dated: October 2, 2018

Respectfully submitted,

**COANE AND ASSOCIATES, PLLC**

*/s/Matthew P. Swiger*
Matthew P. Swiger
S.D. Tex. #24088495
TX Bar #2276929
Email: matt.swiger@coane.com
Bruce A. Coane
S.D. Tex.#7205
TX Bar #04423600
Email: bruce.coane@gmail.com
Coane and Associates, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
Telephone: 713-850-0066
Facsimile: 713-850-8528

and

*/s/ Hessam Parzivand*
**Hessam Parzivand**
TBA # 24071157
Southern District # 1129776

**THE PARZIVAND LAW FIRM, PLLC**
10701 Corporate Dr.
Suite 185
Stafford, Texas 77477
T: [713] 533-8171
F: [713] 533-8193
hp@parzfirm.com

**ATTORNEYS FOR PLAINTIFF,
JIM BROCK**