IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JIM BROCK,

        Plaintiff,                    Civil Action No. 4:18-CV-3137

v.

JLG EQUIPMENT SERVICES, INC.,

        Defendant.

**ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, JLG Equipment Services, Inc. ("JLG"), through its counsel, submits the following answer and affirmative defenses to the First Amended Complaint filed by the Plaintiff, Jim Brock. JLG denies each and every allegation or statement contained in Plaintiff's First Amended Complaint unless specifically admitted herein.

## I.
## PARTIES

1. JLG lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 1 and, therefore, denies.

2. JLG admits that it employed Plaintiff within the Southern District of Texas – Houston Division from August 2011 until May 23, 2018. JLG denies the remaining allegations in Paragraph 2.

3. Admits.

## II.
## JURISDICTION AND VENUE

4. Paragraph 4 asserts a legal conclusion to which no response is required, and JLG puts Plaintiff to his proof of same. JLG specifically denies that Plaintiff has any valid claims against JLG. However, JLG does not deny that this Court has jurisdiction over this dispute.

5. Paragraph 5 asserts a legal conclusion to which no response is required, and JLG puts Plaintiff to his proof of same. JLG specifically denies that it violated the FLSA or ADA. However, JLG does not dispute that venue is proper based on the allegations.

## III.
## PROCEDURAL PREREQUISITES

6. Paragraph 6 asserts legal conclusions to which no response is required.

7. JLG admits that on July 18, 2018, the Plaintiff filed a Charge of Discrimination against JLG with the EEOC alleging discrimination based on disability (the "Charge").

8. JLG admits that the EEOC issued a Notice of Right to Sue on the Charge on September 25, 2018. JLG denies the remaining allegations in Paragraph 8.

9. JLG admits that the First Amended Complaint was filed within 90 days of the EEOC's issuance of the Right to Sue letter. JLG denies the remaining allegations in Paragraph 9.

## III.
## VIOLATIONS OF THE FLSA

**FLSA Enterprise and Individual Coverage:**

10. Admits.

*Jim Brock*

11. JLG admits that it employed Plaintiff for more than 5 years. JLG further admits that from January 2016 through his termination in May 2018, Plaintiff was employed in the

Service Supervisor position, but JLG asserts that such position was properly classified as exempt. JLG denies the remaining allegations in Paragraph 11.

12. Admits.

13. Denies.

14. Paragraph 14 asserts a legal conclusion to which no response is required. To the extent a response is required, JLG asserts that Plaintiff's salary compensated him for all hours worked, including the shift turnover period. JLG denies the remaining allegations in Paragraph 14.

15. Denies.

16. JLG admits that Plaintiff was exempt, but denies that its practices for paying Plaintiff failed to align with the FLSA's requirements for exempt employees.

**Defendant's Overtime Violations:**

17. Denies.

18. Denies.

19. Upon information and belief, denies.

20. Denies.

21. Denies.

22. Denies.

**Back Wages, Liquidated Damages, Attorneys' Fees, and Costs:**

23. Denies.

24. Denies.

6966253v2

## V.
## VIOLATIONS OF THE ADA

25. JLG reasserts and incorporates by reference its responses to the foregoing paragraphs.

26. Admits.

27. JLG admits that Plaintiff received some positive performance feedback prior to his hip replacements, but asserts that Plaintiff also received negative performance feedback prior to his hip replacements, including in his 2016 performance review. JLG denies the remaining allegations in Paragraph 27.

28. Admits.

29. Admits.

30. JLG lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30 and, therefore, denies.

31. JLG admits that Plaintiff disclosed his surgeries to JLG, but denies that he disclosed his expected healing schedule to JLG.

32. JLG admits that Plaintiff was able to perform the essential functions of his job. JLG further admits that Plaintiff informed JLG that he had difficulty climbing on equipment. JLG denies that it received any restrictions regarding Plaintiff's ability to perform any of the activities outlined in Paragraph 32. JLG lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 32 and, therefore, denies.

33. JLG admits only that Plaintiff informed JLG that he had difficulty climbing on equipment, and asserts that JLG excused Plaintiff from performing such duty. JLG denies the remaining allegations in Paragraph 33.

34. JLG admits only that Plaintiff informed Kevin Stewart that he had difficulty climbing on equipment, and asserts that JLG excused Plaintiff from performing such duty. JLG denies the remaining allegations in Paragraph 34.

35. Denies.

36. JLG admits that on or about May 3, 2018, it placed Plaintiff on a Performance Improvement Plan ("PIP"), that the PIP was scheduled for 60 days, but subject to review and prior termination, and that Plaintiff was terminated on May 23, 2018. JLG denies the remaining allegations in Paragraph 36.

37. Denies.

38. Denies.

39. Denies.

40. Denies.

41. Denies.

42. JLG admits that Plaintiff seeks recovery of attorney's fees, but denies that Plaintiff is entitled to any such fees. JLG denies the remaining allegations in Paragraph 42.

## VI.
## BREACH OF CONTRACT CLAIMS

43. JLG admits that Plaintiff seeks the damages in Paragraph 43, but denies that Plaintiff is entitled to any such damages.

44. Denies.

45. Denies.

## VII.
## JURY DEMAND

46. JLG admits that Plaintiff demands a trial by jury.

6966253v2

## VIII.
## PRAYER

47. JLG denies that Plaintiff is entitled to any of the requested relief.

### AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

2. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches and/or unclean hands.

3. Plaintiff was not disabled within the meaning of the ADA. Plaintiff never notified JLG that he had a potential or actual disability.

4. JLG had legitimate, non-discriminatory reasons for placing Plaintiff on a PIP.

5. JLG had legitimate, non-discriminatory reasons for terminating Plaintiff's employment.

6. Plaintiff was exempt under the FLSA and, therefore, was not entitled to overtime pay for hours worked over 40 in a week.

7. Pursuant to 29 CFR § 541.604, Plaintiff's exemption was not lost due to JLG's payment of compensation in addition to his salary.

8. JLG has at all times acted reasonably and in good faith. All decisions made concerning Plaintiff were based on reasonable factors and non-discriminatory reasons and were in conformity with relevant laws and regulations.

9. To the extent any of JLG's alleged actions or omissions were unlawful, which JLG expressly denies, no such actions or omissions constitute a willful violation.

10. Plaintiff has failed to mitigate his damages.

11. JLG has made and continues to make comprehensive and good faith efforts to comply with the ADA and, therefore, to the extent any of JLG's actions were unlawful (which JLG expressly denies), an award of punitive damages is not appropriate.

12. JLG is entitled to its reasonable attorneys' fees and costs in defending this action pursuant to 42 U.S.C. § 2000e-5(k)

13. JLG reserves the right to assert additional defenses as established by the facts of the case, including those which may be disclosed or discovered through further assertions by Plaintiff or otherwise through discovery or trial.

WHEREFORE, JLG respectfully requests the following relief:

A. The dismissal of the Plaintiff's First Amended Complaint, with prejudice;

B. An Order awarding JLG its reasonable attorneys' fees, costs, and disbursements in this action, to the extent allowed by law; and

C. Such other and further relief as the Court deems just and proper.

Dated this 14th day of December, 2018.

Respectfully submitted,

**PORTER HEDGES LLP**

*/s/ Susan E. Cates*
Susan E. Cates
State Bar No. 24044932
Federal ID No. 621240
**Attorney-in-Charge**
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6709 Telephone
(713) 226-6309 Facsimile
scates@porterhedges.com

**OF COUNSEL:**

**GODFREY & KAHN, S.C.**
John A. Haase (Motion for Admission *Pro Hac Vice* pending)
WI State Bar No. 1027536
Annie L. Eiden (Motion for Admission *Pro Hac Vice* pending)
WI State Bar No. 1070855
200 South Washington Street, Suite 100
Green Bay, WI 54301-4298
Phone: 920-432-9300
Fax: 920-436-7988
jhaase@gklaw.com
aeiden@gklaw.com

**ATTORNEYS FOR DEFENDANT
JLG EQUIPMENT SERVICES, INC.**

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was electronically filed with the Court on this 14th day of December 2018 and will be automatically delivered to all parties of record via the Court's electronic filing system.

*/s/ Susan E. Cates*
Susan E. Cates

6966253v2